**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ASHLEY BENSON,**

**Plaintiff,**

**vs.** **CASE NO.:**

**GLASS BOTTOM TOURS, LLC, AND DAVID J. METCALFE, Individually,**

**Defendants.**

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, ASHLEY BENSON, ("Plaintiff"), by and through her undersigned counsel, and sues the Defendants, GLASS BOTTOM TOURS, LLC, ("Defendant GLASS BOTTOM") and DAVID J. METCALFE ("Defendant METCALFE") (collectively "Defendants"), and in connection therewith alleges the following:

**NATURE OF CLAIMS**

1. Plaintiff brings this action against Defendants to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other relief authorized under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff seeks to recover unpaid overtime wages, an equal amount in liquidated damages, reasonable attorneys' fees and costs, and all other relief authorized by the FLSA.

3. The FLSA's minimum wage and overtime provisions are remedial in nature and are intended to protect workers from substandard wages and oppressive working conditions. See 29 U.S.C. §§ 202(a), 206, 207; *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 918 (11th Cir. 2014).

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Pinellas County, Florida, and Defendants conduct business within this judicial district.

5. The unlawful employment practices complained of herein, and the resulting injury to Plaintiff, occurred in Pinellas County, Florida, within the Middle District of Florida.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Glass Bottom conducts business in Pinellas County, Florida, Plaintiff managed reservations for Defendant Glass Bottom's tours conducted in Pinellas County, Florida, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

7. Plaintiff has timely commenced this action within the applicable statute of limitations set forth in the Fair Labor Standards Act, including the three-year limitations period applicable to willful violations, as alleged herein.

8. All conditions precedent to the maintenance of this action have been satisfied, waived, or otherwise excused.

## PARTIES

9. Plaintiff is protected by 29 U.S.C. § 216(b) because:

a. Defendants improperly classified Plaintiff as an independent contractor when, under the economic realities of the parties' working relationship, Plaintiff was an employee entitled to the protections of the FLSA.

b. Plaintiff was required to remain available during her scheduled work hours to answer incoming calls and schedule tours. While awaiting calls, Plaintiff was not free to use the time for her own purposes because she was required to remain ready to respond immediately to customer inquiries and perform work for Defendants. Accordingly, such waiting time constituted compensable hours worked under the FLSA.

c. During the period on or about March 30, 2025, through and including on or about December 29, 2025, Plaintiff regularly worked more than forty (40) hours per workweek without receiving overtime compensation as required by the FLSA.

10. At all times material hereto, Defendant Glass Bottom was an employer engaged in commerce or in the production of goods for commerce, or an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d), (r), and (s), and was subject to the overtime provisions of the Act.

11. Defendant Glass Bottom is a Florida limited liability company authorized to conduct business in the State of Florida, with its principal place of business located in Pinellas County, Florida. At all times material hereto, Defendant regularly conducted business within this judicial district and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

12. At all times material hereto, Defendant David J. Metcalfe was the Manager and registered agent of Defendant Glass Bottom and held himself out as its owner. Defendant Metcalfe exercised operational control over Plaintiff's employment and acted directly or indirectly in the interest of Defendant Glass Bottom with respect to Plaintiff.

## FACTUAL ALLEGATIONS

13. On or about March 16, 2025, Plaintiff was employed by Defendant Glass Bottom as a Reservation Manager. Throughout her employment, Plaintiff

reported directly to Defendant Metcalfe, who supervised her work and exercised control over the terms and conditions of her employment.

14. On or about December 29, 2025, Defendants terminated Plaintiff's employment with Defendant Glass Bottom.

15. Throughout her employment, Plaintiff satisfactorily performed the duties of a Reservation Manager, including responding to customer inquiries, scheduling tours, coordinating reservations, and performing other duties assigned by Defendants.

16. At all times material hereto, Plaintiff was classified as an independent contractor when, in fact, she was an employee within the meaning of the FLSA. Defendant Glass Bottom exercised substantial control over Plaintiff's work by establishing her work schedule, directing her day-to-day duties, and controlling the manner and means by which she performed her work.

17. Specifically, in her role as Reservation Manager, Plaintiff performed work that was integral to Defendant Glass Bottom's business on a continuous and permanent basis, rather than on a project-by-project basis. Plaintiff was also subject to Defendant Metcalfe's direct supervision, worked a set schedule established by Defendants, and was required to follow specific instructions regarding customer communications.

18. In performing her duties, Plaintiff used Defendant Glass Bottom's reservation software installed on her personal computer, telephone system software installed on her personal cellular telephone (which allowed Defendant Metcalfe to monitor Plaintiff's call responses), email address, and other resources provided by Defendants, and did not maintain or utilize independent business systems or other equipment to perform her work.

19. Plaintiff did not operate an independent business, had no meaningful opportunity for profit or loss based on managerial skill, could not subcontract or delegate her work, could not hire assistants or other workers to perform her duties, and could not perform work for competitors while performing services for Defendants.

20. Defendants retained exclusive authority over pricing, refunds, scheduling, and customer policies. Plaintiff had no discretion to make independent business decisions, modify tours, process refunds, or otherwise deviate from Defendants' instructions without prior approval.

21. Defendants closely supervised and monitored Plaintiff's work performance. Plaintiff was required to participate in daily check-ins, obtain approval for time off, and comply with a work schedule established by Defendants. Plaintiff had no discretion to control her schedule, accept or decline work assignments, or determine the manner and means by which she performed her job duties. Defendant

Metcalfe also possessed and exercised the authority to discipline and terminate Plaintiff.

22. Plaintiff made no significant capital or entrepreneurial investment in Defendant Glass Bottom's business and had no meaningful opportunity for profit or loss based on managerial skill. Instead, Defendants controlled the manner, means, timing, and location of Plaintiff's work.

23. At all times material hereto, Defendant Glass Bottom Tours, LLC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s), with annual gross volume of sales made or business done in excess of $500,000.00.

24. As a result of Defendants' misclassification of Plaintiff as an independent contractor, Plaintiff was entitled to the protections of the FLSA, including overtime compensation at one and one-half (1.5) times her regular rate of pay for all hours worked more than forty (40) in a workweek. Defendants failed to pay Plaintiff the overtime compensation required by the FLSA.

25. Plaintiff regularly worked approximately twelve (12) hours per day, seven (7) days per week, totaling approximately eighty-four (84) hours during numerous workweeks between March 2025 and in or about mid-August 2025. Thereafter, Plaintiff regularly worked approximately sixty (60) hours per week. These work schedules included holidays. During periods between customer calls,

Plaintiff was required to remain logged into Defendant Glass Bottom's reservation system, answer incoming calls immediately, respond to customer inquiries, remain available to perform work, and was not free to use the time effectively for her own purposes. Accordingly, such waiting time constituted compensable hours worked under the FLSA.

26. Defendants failed to properly classify Plaintiff as an employee and, as a result, failed to pay Plaintiff overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Plaintiff regularly worked more than forty (40) hours in numerous workweeks but did not receive overtime compensation for those hours. Pursuant to the FLSA and 29 C.F.R. § 778.110(a), Plaintiff was entitled to compensation at one and one-half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) in a workweek. As a result of these violations, Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief authorized by law.

27. Defendants failed to make, keep, and preserve accurate records of Plaintiff's hours worked and wages paid as required by 29 U.S.C. § 211(c). As a result of Defendants' failure to maintain such records, Plaintiff will rely upon her reasonable recollection of the hours she worked and the compensation she received, and Defendants bear the burden of producing accurate payroll and time records.

28. Following the termination of her employment, Plaintiff notified Defendants in writing that she had been improperly classified as an independent contractor and demanded payment of the unpaid overtime compensation owed to her under the FLSA.

29. Following the termination of her employment, Defendant Metcalfe refused to provide Plaintiff with her final paycheck unless she provided an executed Internal Revenue Form W-9.

30. Defendants' violations of the FLSA were willful. Despite exercising substantial control over Plaintiff's work and knowing, or showing reckless disregard for whether, Plaintiff was an employee entitled to the protections of the FLSA, Defendants intentionally classified Plaintiff as an independent contractor and failed to pay her overtime compensation as required by law.

31. Defendant Metcalfe acknowledged Plaintiff's demand for unpaid overtime compensation by email but failed to remit the unpaid overtime compensation owed to Plaintiff under the FLSA.

32. To date, Defendants continue to withhold the overtime compensation owed to Plaintiff under the FLSA.

33. As a direct and proximate result of Defendants' misclassification of Plaintiff as an independent contractor and their failure to pay overtime compensation

as required by the FLSA, Plaintiff has suffered damages, including unpaid overtime compensation, in an amount to be determined at trial.

34. Plaintiff has retained the law firm of FARAH & FARAH, P.A. to represent her in this action and is obligated to pay a reasonable attorney’s fee for the legal services rendered.

## COUNT I: UNPAID OVERTIME WAGES

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. During her employment, Plaintiff performed compensable work for the benefit of Defendants and regularly worked more than forty (40) hours during numerous workweeks.

37. Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half (1.5) times her regular rate of pay for workweeks during which Plaintiff exceeded forty (40) hours worked.

38. Following Plaintiff’s demand for payment of unpaid overtime compensation, Defendants refused to pay the overtime wages owed under the FLSA.

39. As a direct and proximate result of Defendants’ violations of the FLSA, Plaintiff has suffered damages, including unpaid overtime compensation, liquidated damages, and other relief authorized under the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award the following relief:

a. That Plaintiff recover her unpaid overtime compensation,

b. That Plaintiff recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b),

c. That Plaintiff recover her reasonable attorneys' fees and taxable costs pursuant to 29 U.S.C. § 216(b),

d. That Plaintiff recover pre-judgment and post-judgment interest to the extent permitted by law, and

e. That Plaintiff recover such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable against Defendants.

Respectfully submitted this 17th day of August 2026.

s/ *Alison Breiter*
Alison Breiter, Esquire
LEAD COUNSEL
Florida Bar Number: 1003413
FARAH AND FARAH, P.A.
5100 West Kennedy Boulevard
Suite 250
Tampa, Florida 33609
Telephone/Facsimile: (813) 666-1179
Email: abreiter@farahandfarah.com
Email: murban@farahandfarah.com
Email: jkosanovich@farahandfarah.com
*Attorneys for Plaintiff*